IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-90-BLG-SPW |
| Plaintiff, | ORDER |
| vs. | |
| MEREDITH McCONNELL, BARBARA MARY DAYCHIEF and SHERYL LYNN LAWRENCE, | |
| Defendants. | |

This matter comes before the Court on Defendant Meredith McConnell's and Defendant Barbara Daychief's Motions in Limine (Docs. 111-116). The Government has submitted a response to the Motions. (Doc. 128). The matter is now deemed ripe and ready for adjudication.

## I.   FACTUAL BACKGROUND

Meredith McConnell and Barbara Daychief were charged via a federal grand jury indictment on July 11, 2019 with Theft from a Program Receiving Federal Funds, Wire Fraud, False Claims, and Misprision of a Felony. (Doc. 1). Several months later, the grand jury issued a superseding indictment on January 9, 2020

adding Sheryl Lawrence as a defendant and dropping several charges. The Defendants are now charged with Theft from a Program Receiving Federal Funding (Count I), Wire Fraud (Count II), False Claims as to Defendant Lawrence (Count III), False Claims as to Defendant McConnell (Count IV), False Claims as to Defendant Daychief (Counts V-VII), and Misprision of a Felony (Count VIII). (Doc. 53).

The charges stem from several payments the Defendants received for trainings and business trips associated with the organization the Montana Native Women's Coalition ("MNWC"). The Superseding Indictment alleges that these payments were fraudulently induced by the Defendants as members of MNWC's board. Specifically, the Superseding Indictment states "[defendants] committed and facilitated travel fraud, received travel payments on non-approved trips, including to Las Vegas, received and authorized double-payment for 'days in service,' authorized unapproved construction projects, and took and authorized other benefits that members of the Montana Native Women's Coalition were not allowed to approve and entitled to receive." (Doc. 53 at 6).

## II.   LEGAL STANDARD

A motion in limine "is a procedural mechanism to limit in advance

testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). District courts have broad discretion to make evidentiary rulings conducive to the conduct of a fair and orderly trial. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). This wide discretion includes determinations of relevancy and weighing the probative value of proffered evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010) (citation omitted). Finally, rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [her] mind during the course of a trial." *Id.* (citation omitted).

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a-b). Relevant evidence may be excluded if its probative value is substantially outweighed by, among other things, unfair prejudice. Fed. R. Evid. 403. The Rule 403 balancing inquiry is made on a case-by-case determination, requiring an examination of the surrounding facts, circumstances, and issues.

3

*United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015). A district court's Rule 403 determination is subject to great deference. *Lloyd*, 807 F.3d at 1152.

## III.   DISCUSSION

### a. Daychief's and McConnell's Motion to Exclude References to Toni Plummer.

Daychief and McConnell move for the exclusion of evidence related to Toni Plummer's indictment, her guilty plea, and the subsequent training on fraud the defendants attended as a result of Plummer's conviction. Plummer was MNWC's executive director before Defendant Lawrence. In November 2016, Plummer was indicted on charges of theft and wire fraud to which she eventually pled guilty in March 2017. Two months later, in May 2017, McConnell and Daychief attended two days of training on various topics addressing conflicts of interest, whistleblower policies, code of ethics, credit card use, and travel reimbursement. The training informed attendants about the need to report questionable practices.

Daychief argues that Plummer's charges and conviction are irrelevant to the instant case as she is not a witness and not a co-defendant. Plummer was indicted in November 2016, but the earliest alleged act in the instant case took place in September 2017. Therefore, any reference to Plummer's charges and conviction bears no weight or relevance to the charges in this case.

4

McConnell makes a similar argument that Plummer's charges and conviction have no factual tie to the present prosecution. McConnell further asserts that information regarding Plummer's criminal acts would constitute improper character evidence and hopelessly confuse the jury.[1]  McConnell also moves for the exclusion of statements made by Tiffany Hammer, the individual who conducted the training. The statements are hearsay, according to McConnell, and some statements constitute unsupported lay opinion evidence such as Hammer's statement that the training attendees "dodged a bullet" after Plummer's conviction. Therefore, any reference to Plummer or the statements made by Hammer are improper and irrelevant.

The Government responds that evidence concerning Plummer's criminal prosecution and the subsequent training attended by Daychief and McConnell is relevant to demonstrate the defendants' knowledge and intent. The evidence shows that Daychief and McConnell knew what fraud looked like and what the consequences of fraud would be. As the Government points out, all three defendants have questioned the prosecution's ability to prove intent as all three

---

[1] McConnell appears to make a third argument that admission of Plummer's prior conviction would violate the defendants' rights under the confrontation clause and *Gray v. Maryland*, 523 U.S. 185 (1998). However, as the Government states, Plummer is not a co-defendant and nothing prevents the defense from calling Plummer as a witness.

defendants have made various claims that they acted in mistake or accident. The evidence regarding Plummer's conviction and the subsequent training is therefore relevant to the question of what the defendants knew at the time. The Court finds that the evidence's prejudicial effect is outweighed by its probative value and the evidence is admissible. Should concerns of jury confusion or prejudice arise, the Court welcomes an applicable jury instruction to mitigate the confusion.

The Government makes an alternative argument that the Plummer evidence is admissible under Fed. R. Evid. 404(b)(2) which provides an exception to admit otherwise inadmissible evidence of other crimes when that evidence is admitted for a purpose such as demonstrating motive or intent. However, the Court fails to see how this argument is applicable to the current case as Rule 404(b)(2) concerns evidence of the defendant's prior bad acts and Plummer is not a defendant to this prosecution. Regardless, as stated above, the Court finds that the Government may introduce evidence of Plummer's previous prosecution, conviction and the subsequent training as relevant to Daychief's and McConnell's knowledge and intent.

Further, the Government agrees not to admit any statements from Ms. Hammer that comment on the guilt or innocence of the board members that

attended her training, such as the "dodged a bullet" comment. The Government has also agreed to not admit any hearsay statements absent a hearsay exception and ruling from the Court.

### b. Daychief's Motion to Exclude Evidence regarding an iPad.

Daychief moves to exclude any reference or allegation from trial relating to an iPad supposedly given to Daychief by MNWC. The Government did not respond to this motion. Under D. Mont. L.R. 7.1(d)(1)(B)(ii), the motion is deemed well taken and the Government is prohibited from introducing any evidence or reference to an iPad given to Daychief by MNWC or the debt allegedly associated with that iPad.

### c. Daychief's Motion to Exclude Evidence regarding Bearcrane's Email Communications.

Daychief moves to exclude any reference to Daychief's response when the current executive director of MNWC, Jean Bearcrane, requested Daychief reimburse MNWC for owed travel advances. Daychief allegedly told Bearcrane to "not bother her." (Doc. 112 at 7). The Government did not respond to this motion. Under D. Mont. L.R. 7.1(d)(1)(B)(ii), the motion is deemed well taken and the Government is prohibited from making any reference to Daychief's response to Bearcrane's request for reimbursement.

7

### d. McConnell's Motion to Admit Evidence of McConnell's Repayments.

McConnell moves to admit evidence of her efforts to repay the debt allegedly owed to the United States. She argues the efforts are evidence of her good faith and lack of criminal intent.

The Government concedes that McConnell should be allowed to admit evidence of an $88 repayment but argues any further repayment evidence is inadmissible as non-contemporaneous. McConnell made the $88 repayment on January 8, 2018. Law enforcement first interviewed McConnell regarding the investigation on June 20, 2018. All other repayments made by McConnell occurred after this interview. The Government asserts that non-contemporaneous payments are irrelevant, as is evidence of an intent to repay, and cites several cases in support. (Doc. 128 at 12-14). Non-contemporaneous evidence of intent to repay or eventual repayment is neither material nor a defense to the intent to defraud. *United States v. Coin*, 753 F.2d 1510, 1511 (9th Cir. 1985).

The Court finds that only the $88 repayment occurred before McConnell became aware of a criminal investigation into the travel advances. Evidence of this repayment is admissible. All other repayments occurring after McConnell's first

8

interview with law enforcement are irrelevant and inadmissible to show lack of intent.

### e. McConnell's Motion to Admit OVW Memoranda.

McConnell moves for the admission of two memoranda issued by the Office on Violence Against Women ("OVW") in January and October of 2018. These memoranda explained how entities funded by OVW, such as MNWC, could hold out of state conferences and which travel expenses were allowed. McConnell seeks to introduce the documents to demonstrate a lack of clear instruction on the issues.

The United States has no objection to the memorandum specifically identified as "OVW Conference Costs Guidelines." McConnell has not specifically identified the second memoranda she is seeking to admit. The United States shall withhold taking a position on the document's admittance until it is identified. Therefore, the memorandum identified as "OVW Conference Costs Guidelines" shall be admitted. The Court shall reserve ruling on the admission of the second memorandum until it is identified, and the Government has an opportunity to express its position on the matter.

### IV.   CONCLUSION

THEREFORE, IT IS HEREBY ORDERED that Defendant Barbara Daychief's Motions in Limine (Doc. 111) and Defendant Meredith McConnell's Motions in Limine (Docs. 113, 114, 115) are GRANTED IN PART, DENIED IN PART, and RESERVED IN PART. Evidence of Toni Plummer's prior prosecution and conviction is admissible as is evidence of the training attended by Daychief and McConnell following Plummer's conviction, subject to the rules of evidence. Any reference to an iPad associated with Daychief and any reference to Daychief's response to Bearcrane's reimbursement request are prohibited. Evidence of McConnell's $88 repayment on January 8, 2018 is admissible, but evidence of any other repayment is prohibited. Finally, the "OVW Conference Costs Guidelines" memoranda shall be admitted, but the Court reserves ruling on McConnell's motion to admit a second memoranda until that document is specifically identified.

DATED this _4th_ day of January, 2021.

SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE

10