IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MEREDITH McCONNELL,<br>BARBARA MARY DAYCHIEF and<br>SHERYL LYNN LAWRENCE,<br><br>Defendants. | CR 19-90-BLG-SPW<br><br>ORDER |

This matter comes before the Court on Defendant Meredith McConnell's Motion in Limine (#4), filed 12/17/2020, seeking to exclude any testimony or reference to allegations that McConnell has a gambling habit. (Doc. 139). The Government responded to the Motion on 12/28/2020. (Doc. 141). The Motion is now deemed ripe and ready for adjudication.

I.  **LEGAL STANDARD**

A motion in limine "is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). District courts have broad discretion to make evidentiary

1

rulings conducive to the conduct of a fair and orderly trial. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). This wide discretion includes determinations of relevancy and weighing the probative value of proffered evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010) (citation omitted). Finally, rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [her] mind during the course of a trial." *Id.* (citation omitted).

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a-b). Relevant evidence may be excluded if its probative value is substantially outweighed by, among other things, unfair prejudice. Fed. R. Evid. 403. The Rule 403 balancing inquiry is made on a case-by-case determination, requiring an examination of the surrounding facts, circumstances, and issues. *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015). A district court's Rule 403 determination is subject to great deference. *Lloyd*, 807 F.3d at 1152.

2

## II. DISCUSSION

McConnell argues the Government should not be allowed to introduce any evidence or reference that McConnell has an alleged gambling habit. Various interviews conducted by the Government during discovery have produced references to McConnell as shady and inferences that she developed a gambling habit. McConnell asserts any reference to these allegations of a habit would prejudice the defendant under Rule 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character").

In their response, the Government agreed not to use any witnesses who affirmatively refer to McConnell as shady unless the defendant opens the door to such testimony. The Government also agreed not to claim McConnell has a gambling habit. However, the Government does intend to introduce evidence that McConnell gambles and that she has financial struggles. This evidence will be used to demonstrate that McConnell committed financial crimes, in part, due to financial pressures. Therefore, the Government contends it is relevant motive evidence and cites several cases in support. *See, e.g., United States v. Jackson*, 882 F.2d 1444, 1449 (9th Cir. 1989); *United States v. Thorpe*, 1998 WL 738624, *7

3

(6th Cir. 1998); *United States v. Zogheib*, 2018 WL 2278259, *4 (D. Nev. 2018); *United States v. Loftis*, 843 F.3d 1173, 1175-1176 (9th Cir. 2016).

The Court agrees with the Government and finds that evidence of McConnell's financial strains and gambling activities are relevant to McConnell's motive for committing financial crimes. The Government will not comment on or refer to McConnell as having a gambling 'habit', nor will the Government, or any Government witness refer, to McConnell as 'shady.' This ensures the evidence is properly admitted without undue prejudice.

### III. CONCLUSION

THEREFORE, IT IS HEREBY ORDERED that Defendant Meredith McConnell's Motion in Limine (#4) is GRANTED IN PART and DENIED IN PART. Evidence or reference to McConnell as shady or having a gambling habit is excluded from trial. However, the Government shall be allowed to put on evidence of McConnell's gambling and financial struggles so long as the Government does so without further impermissible character commentary.

DATED this 12th day of January, 2021.

Susan P. Watters
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE