## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MEREDITH MCCONNELL,<br><br>Defendant. | CR 19-90-BLG-SPW-1<br><br><br>**ORDER RE MOTION TO**<br>**ALLOW JUROR CONTACT** |

This matter comes before the Court on Defendant Meredith McConnell's Motion to Allow Contact with a Juror, filed April 29, 2021. (Doc. 233). The Government responded in opposition to the motion on May 13, 2021. (Doc. 237). McConnell did not file a reply. The motion is now ripe and ready for adjudication. After reviewing the parties' briefs, the Court denies the motion for the following reasons.

## I.    RELEVANT BACKGROUND

On April 2, 2021, Defendant Meredith McConnell was found guilty by a jury on Counts 1, 2, and 4 of the Superseding Information. On April 4, an alleged member of that jury apparently attempted to contact McConnell's attorney by calling her office. The juror left a message on the office's answering machine stating that he was a member of the jury and that "we had to do it." (Doc. 234 at 1-2). He then left a phone number to reach him. His name was not audible. An

assistant for McConnell's attorney heard the message, made a brief note of the call, and then deleted the message in accordance with the office's standard business practices. Counsel for McConnell now asks permission to contact the juror "to ascertain why he called my office, and to determine if there were any activities of the other jurors or this juror, that could be a basis for appeal or a motion for new trial." (Doc. 234 at 2).

## II.   LEGAL STANDARD

Federal Rule of Evidence 606(b)(1) states:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

The Rule provides three exceptions: "(A) whether extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2).

Similarly, District of Montana Local Rule 48.1(b) states:

> Neither parties nor counsel may interview jurors unless, within 28 days after the entry of judgment, a party files: (A) proposed written questions to be asked of the jurors; (B) an affidavit showing good cause; and (C) if granted leave, a second affidavit showing the results.

//

## III.   DISCUSSION

McConnell seeks permission to contact an alleged member of the convicting jury to question the juror on the outcome of the trial after the juror left a voice message on McConnell's attorney's office phone. The Defendant believes this contact may turn up evidence of potential juror misconduct making a new trial appropriate under Fed. R. Crim P. 33. If permitted, McConnell's attorney would inquire as to the juror's name, his reasoning for contacting her office, how the jury deliberations went, what evidence led to the guilty verdict, what the juror meant when he said "we had to do it," if any jurors discussed information gained from outside the courtroom during deliberations, if the upcoming holiday rushed the deliberations, and if the juror has any other facts or information he feels that McConnell should know.

The Government opposes McConnell's motion, arguing that the motion is not supported by any legal standards as no evidence of juror misconduct exists and McConnell seeks to do nothing more than fish for potential post-trial issues.

Made clear from the rules described above, attorney access to jurors is severely restricted. "Rules restricting lawyers' access to jurors '(1) encourage freedom of discussion in the jury room; (2) reduce the number of meritless post-trial motions; (3) increase the finality of verdicts; and (4) further Federal Rule of Evidence 606(b) by protecting jurors from harassment and the jury system from

3

post-verdict scrutiny.'" *Mitchell v. United States*, 958 F.3d 775, 787 (9th Cir. 2020) (quoting *Cuevas v. United States*, 317 F.3d 751, 753 (7th Cir. 2003)).

The Court agrees with the Government that McConnell's motion fails to overcome the hurdles of Fed. R. Evid. 606(b) and fails to demonstrate good cause under D. Mont. L. R. 48.1. The alleged juror's identity is unknown, so he cannot be verified as an actual trial juror in the case. The alleged juror's voicemail simply states, "we had to do it." Even this statement is second-hand information because the attorney's assistant is the only person to have heard the voicemail and the message no longer exists for further review. The statement is not enough to demonstrate juror misconduct during the trial's deliberation. "[I]n cases where there has been no showing of juror misconduct, we have held that a district court 'd[oes] not abuse [its] discretion in refusing to allow postverdict interrogation of jurors.'" *Mitchell*, 958 F.3d at 787 (quoting *United States v. Eldred*, 588 F.2d 746, 752 (9th Cir. 1978)). Therefore, McConnell's motion is denied.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that Defendant Meredith McConnell's Motion to Allow Contact with Juror (Doc. 233) is DENIED.


The clerk shall promptly notify counsel of the entry of this Order.


4

DATED this _3rd_ day of June, 2021.

SUSAN P. WATTERS
United States District Judge